JOHN OLTMANN, APPELLEE, v. STEVAN KORUS ET AL., APPELLANTS.

FILED SEPTEMBER 26, 1910. No. 16,060.

Appeal: AFFIRMANCE. Where the record brought to this court on appeal presents nó issue and contains no evidence from which we can determine what relief the appellant is entitled to receive, the judgment of the district court will be affirmed.

APPEAL from the district court for Sherman county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*John J. Sullivan, James G. Reeder* and *Louis Lightner,* for appellants.

*J. S. Pedler, contra.*

BARNES, J.

Action to remove a cloud from the title to certain real estate. The plaintiff had judgment, and the defendant has appealed.

It appears that on the 28th day of September, 1907, the parties to this controversy entered into a written contract for the purchase and sale of the southwest quarter of section 32, township 15 north, of range 13 west of the sixth P. M., situated in Sherman county, Nebraska. The consideration named was the sum of $9,000; $800 of which was to be and was paid by the defendant at the time the contract was signed. It was provided therein, in substance, that the remainder of the purchase price should be paid by the defendant to the plaintiff on the 1st day of March, 1908, at which time plaintiff was to furnish de-

fendant an abstract, showing clear title, and was to convey the premises to him by a good and sufficient warranty deed. It was specifically provided in the contract: "And in case of a failure of the said party of the second part to make either of the payments, or to perform any of the covenants on his part hereby made and entered into, this contract shall, at the option of the party of the first part, be forfeited and determined, and the second party shall forfeit all payments made by him on this contract, and such payments shall be retained by said party of the first part in full satisfaction of all damages by him sustained." The plaintiff retained possession of the premises, and shortly before the 1st day of March, 1907, was informed by the defendant that by reason of a failure to sell his land in Platte county, Nebraska, he was unable to perform his part of the contract at that time. The defendant also notified one Long, who was acting as the agent for the plaintiff in the transaction, and was employed by the defendant to procure a loan on the premises in question in order to complete his purchase, that if he could have 30 or 40 days' additional time he thought he would be able to perform his contract, pay the purchase price, and take the land in question. This additional time was granted to him. At the expiration of that time defendant notified Long that he was unable to perform his contract and would have to give it up. Thereafter, and some time during the month of June, 1907, defendant placed a copy of the contract, which had been executed in duplicate, upon record in the office of the county clerk of Sherman county, and thereafter the plaintiff commenced this action solely for the purpose of removing the cloud cast by the record of said contract upon his title to the land in question. To the plaintiff's petition defendant filed an answer, denying all of its allegations except those qualified or expressly admitted; admitted that he entered into the contract with the plaintiff as alleged in the petition; denied that the plaintiff had ever offered to perform his part of the contract; admitted that the defendant had

placed the contract on record; alleged that he had the lawful right so to do; and concluded with the prayer that plaintiff's petition be dismissed, and that the defendant have such other and further relief as may be just and equitable. To this answer plaintiff replied by way of a general denial and an allegation that he had at all times been ready and willing to perform the contract according to its terms; that he had made, executed and delivered a deed and abstract of the premises in question, and had deposited the same in escrow in the Loup City State Bank ready for delivery to the defendant at any time he should comply with the terms thereof.

Defendant made no appearance at the trial and offered no evidence. The plaintiff produced evidence on his part establishing the averments of his petition. Thereupon the district court found the issues joined in his favor, and entered a decree canceling the contract in question and removing the cloud from the premises thereby. From this decree defendant has appealed, and now contends that the trial court, before granting the relief prayed for by the plaintiff, should have required him to return to defendant the $800 paid by him to the plaintiff at the time of the execution of the contract. It will be observed, however, that the contract in question provides specifically for a forfeiture of the $800 payment in case the defendant should fail to perform the contract on his part as the plaintiff's measure of damages for such failure. While forfeitures are not favored, and defendant by proper pleading and proof might have had judgment for a return of a part of the $800, it must be observed that neither by his answer nor at the trial did he make any claim for the return of this money or any part of it. While, on the other hand, the plaintiff's proof was amply sufficient to sustain the finding of the court that he had at all times been ready and willing to and had in fact performed all of the conditions of the contract upon his part; that defendant had failed to perform his part thereof; and this was the only issue tendered by the pleadings.

Otto v. Chicago, B. & Q. R. Co.

Again, it appears from the plaintiff's testimony that he incurred considerable expense in the transaction; that he paid $150 as a commission to an agent who negotiated the sale. The defendant produced no evidence to the contrary. Indeed, no claim was made or proof offered that plaintiff's damages were any less than the amount of the first payment, as stipulated in the contract. We are therefore of opinion that the district court could not have rendered any other decree than the one complained of.

The judgment of the district court is, therefore, in all things

AFFIRMED.